IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, AN OHIO CORPORATION | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) 2:12-cv-470-JD-APR |
| KREAGER BROTHERS EXCAVATING, INC., KREAGER ENTERPRISES, LLC, KREAGER ENTERPRISES CORP. d/b/a A.C.A. RECYCLING, JERRY L. KREAGER, DEEDRA KREAGER, TONY E. KREAGER, DIXIE KREAGER, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

OPINION AND ORDER

This matter is before the court on Cincinnati Insurance Company's Motion to Strike Defendants' Affirmative Defenses [DE 13] filed on January 30, 2013. For the following reasons, the motion is **GRANTED.**

Background

The plaintiff, Cincinnati Insurance Company, filed its complaint on November 14, 2012, alleging that the defendants defaulted on a promissory note. The defendants filed their answer on January 9, 2013. In their answer, the defendants raise four affirmative defenses that state in their entirety:

> 1. Plaintiff, by its acts or omissions or the acts or omissions of its agents or representatives, has waived its right to pursue any claims against the Defendants.

1

> 2. Plaintiff, by its acts or omissions or the acts or omissions of its agents or representatives, is estopped from pursuing any claims against the Defendants.
>
> 3. Plaintiff, by its acts or omissions or the acts or omissions of its agents or representatives, has failed to mitigate its damages.
>
> 4. Plaintiff has failed to fulfill conditions precedent to its claims against the Defendants.

Cincinnati now moves to strike these defenses for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a). The defendant opposes, arguing that the bases of their affirmative defenses can be inferred from the pleadings as a whole.

## Discussion

Federal Rule of Civil Procedure 12(f) states that "the court may strike from a pleading any . . . redundant, immaterial, impertinent, or scandalous matter." Motions to strike generally are disfavored, although they may be granted if they remove unnecessary clutter from a case and expedite matters, rather than delay them. *Heller Financial, Inc. v. Midwhey Powder Co., Inc*., 883 F.2d 1286, 1294 (7th Cir. 1989); *Shirley v. Jed Capital, LLC*., 2010 WL 2721855, *5 (N.D. Ill. July 8, 2010); *Doe v. Brimfield Grade School*, 552 F.Supp.2d 816, 825 (C.D. Ill. 2008). Affirmative defenses will be stricken "only when they are insufficient on the face of the pleadings." *Heller*, 883 F.2d at 1294. The court should consider whether the issue is appropriately stated as an affirmative defense, whether the affirmative defense complies with the pleading requirements of Federal Rule of Civil Procedure 8, and whether the affirmative defense is capable of surviving a Rule 12(b)(6) analysis. *Davis v. Elite Mortgage Services, Inc*., 592 F.Supp.2d 1052, 1058 (N.D. Ill. 2009); *Van Schouwen v. Connaught Corp*., 782 F.Supp. 1240, 1245 (N.D. Ill. 1991). The decision whether to strike material is within the discretion of the

2

court. ***Talbot v. Robert Matthews Distrib. Co.***, 961 F.2d 654, 665 (7th Cir. 1992).

Federal Rule of Civil Procedure 8(a) states that a pleading must contain a "short and plain statement of the grounds for the court's jurisdiction." Statements contained in the complaint must give the defendant notice of the claim against it and contain enough facts that the relief is plausible on its face. ***Ashcroft v. Iqbal***, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Affirmative defenses are subject to the same standards as other pleadings and must provide more than a "bare bones" statement so that the plaintiff is given notice of any shortcomings in the complaint. ***Tooley v. Wash. Group Int'l, Inc***., 2009 WL 5511212, *7 (C.D. Ill. Aug 17, 2009). Affirmative defenses "must set forth a 'short plain statement' of all the material elements of the defense asserted; bare legal conclusions are not sufficient." ***Davis***, 592 F.Supp.2d at 1058 (citing ***Heller***, 883 F.2d at 1294). However, affirmative defenses can be inferred from the pleadings. ***United States v. 416.81 Acres of Land***, 514 F.2d 627, 631 (7th Cir. 1975); ***David v. Elite Mortgage Services, Inc***., 592 F.Supp.2d 1052, 1058 (N.D. Ill. 2009) ("Such motions [to strike] will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense and are inferable from the pleadings.'")(citing ***Williams v. Jader Fuel Co.,*** 944 F.2d 1388, 1400 (7th Cir. 1991) (internal citations and quotation marks omitted)).

The defendants' affirmative defenses are concise and do not have any surrounding factual support. The defendants argue that the bases of their affirmative defenses can be inferred readily from consideration of the pleadings as a whole. Cincinnati first challenges the defendants' waiver and estoppel defenses. These defenses are equitable remedies "whereby a person's own acts or conduct prevents that person from claiming a right to the detriment of

another party who was entitled to and did rely on the person's conduct." **12 Ind. Law Encyc. Estoppel and Waiver § 7**. The defendants argue that the bases of their defenses can be inferred from the fact that they agreed that the promissory note was signed but disagree whether it was defaulted on. However, this gives no insight into what activities Cincinnati or its agents engaged in that would preclude it from pursuing the claim. The defendants have not pointed to any part of the pleadings that contains facts which explain Cincinnati's adverse actions or would shed light on the bases of their defenses. Such boilerplate defenses without any support anywhere in the pleadings do not comply with Rule 8(a).

The defendants also stated that Cincinnati failed to mitigate its damages and to fulfill a condition precedent. The defendants point to the same facts as the basis of their argument that the factual support can be readily inferred from the pleadings. Again, the defendants have not pointed to any part of the pleadings that shows what Cincinnati did or did not do to cause it to fail to mitigate its damages, nor do the defendants refer to a condition in the parties' agreement that Cincinnati failed to fulfill.

Because the court cannot find any factual support for the defendants' affirmative defenses anywhere within the pleadings, the court finds that the boilerplate recitation of defenses does not comply with the pleading standards set forth in Rule 8(a). For this reason, Cincinnati Insurance Company's Motion to Strike Defendants' Affirmative Defenses [DE 13] is **GRANTED**.

ENTERED this 18th day of June, 2013

/s/ Andrew P. Rodovich

United States Magistrate Judge