UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| THE CINCINNATI INSURANCE, COMPANY, | ) |
|---|---|
| Plaintiff, | ) ) ) ) |
| v. | ) No. 2:12-CV-470 ) |
| KREAGER BROTHERS EXCAVATING, INC., KREAGER ENTERPRISES, LLC, KREAGER ENTERPRISES CORP.d/b/a A.C.A. RECYCLING, JERRY L. KREAGER, DEEDRA KREAGER TONY E. KREAGER, DIXIE KREAGER, | ) ) ) ) ) ) ) |
| Defendants, | ) |

OPINION AND ORDER

This matter is before the court on the Motion for Summary Judgment [DE 28] filed by the plaintiff, The Cincinnati Insurance Company, on January 29, 2014. For the reasons set forth below, this motion is **GRANTED.**

*Background*

The defendant, Kreager Brothers Excavating, Inc., entered into several contracts to provide construction services for construction projects. Cincinnati Insurance Company ("CIC"), as surety, issued payment and performance bonds on behalf of Kreager Brothers. In consideration for the bonds, CIC and Kreager Brothers entered into an Indemnity Agreement in which Kreager Brothers agreed to indemnify CIC for all liability arising from the bonds. The agreement also provided CIC with the authority to "pay or compromise" any "claim, demand, suit, judgment, or expense arising out of such Bond or Bonds." The agreement stated that CIC's

1

decision to pay or compromise any claim was binding so long as it was reasonable. Under the agreement, an itemized statement of the costs accrued sworn to by a CIC officer was prima facie evidence of Kreager Brother's liability.

CIC and Kreager Brorthers executed the agreement on October 9, 2006. As of July 25, 2011, claims had been made against the bonds totaling $140,000. CIC settled its obligations under the bonds. Kreager Brothers signed a promissory note in which it agreed to repay CIC $5,000 on a monthly basis with annual 5% interest.

The note provided that, in the event of default on these payments, Kreager Brothers would owe the entire debt and accrued interest within fifteen days. Moreover, the note assessed late fees in the amount of 5% of the total balance if Kreager Brothers failed to pay within fifteen days. After making six timely payments, Kreager Brothers defaulted on its seventh payment when its the check did not clear the bank. Dave Springmann, Controller for Kreager Brothers, sent an email on October 22, 2012 expressing that, "[u]nfortunately, we are not able to send a check today. I'm hopeful that things will be better this week but I cannot commit at this time." No further payments were made in 2012. As specified under the indemnity agreement and note, CIC claims that Kreager Brothers owe $175, 997.76 in "damages, accounting for all credits, as a result of claim payments, legal fees, interest, and expenses." Kreager Brothers did not file a response to this CIC's motion for summary judgment.

*Discussion*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322-23, 106

S. Ct. 2548 , 91 L. Ed. 2d 265 (1986); *Kidwell v. Eisenhauer,* 679 F.3d 957, 964 (7th Cir. 2012); *Stephens v. Erickson,* 569 F.3d 779, 786 (7th Cir. 2009). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 160, 90 S. Ct. 1598, 1610, 26 L. Ed.2d 142, 155 (1970); *Stephens*, 569 F.3d at 786. A fact is material if it is outcome determinative under applicable law. There must be evidence on which the jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); *Stephens*, 569 F.3d at 786; *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008). However, summary judgment may be entered against the non-moving party if it is unable to "establish the existence of an essential element to [the party's] case, and on which [that party] will bear the burden of proof at trial . . .". *Kidwell*, 679 F.3d at 964 (citing *Benuzzi v. Bd. of Educ*., 647 F.3d 652, 662 (7th Cir. 2011) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.

3

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986).

*See also* **Reeves v. Sanderson Plumbing Prods., Inc**., 530 U.S. 133, 149-51, 120 S.Ct. 2097, 2109, 147 L. Ed.2d 105, 120-22 (2000) (setting out the standard for a directed verdict); *Celotex Corp*., 477 U.S. at 322-23, 106 S. Ct. at 2553; *Stephens*, 569 F.3d at 786; **Argyropoulos v. City of Alton**, 539 F.3d 724, 732 (7th Cir. 2008)(stating that a genuine issue is one on which a reasonable fact finder could find for the nonmoving party); **Springer v. Durflinger,** 518 F.3d 479, 483 (7th Cir. 2008)(stating that a genuine issue exists and summary judgment is inappropriate if there is sufficient evidence for a jury to return a verdict for the nonmoving party).

Indemnity agreements involve a promise by one party to reimburse another for its loss, damage, or liability. **Henthorne v. Legacy Healthcare, Inc**., 764 N.E.2d 751, 756 (Ind. App. 2002). They are subjected to the same rules as contracts. The parties' intent in an unambiguous contract is determined by the plain and ordinary terms within the four corners of the contract. **Schmidt v. Schmidt**, 812 N.E.2d 1074, 1080 (Ind. App. 2004); **Dempsey v. Carter**, 797 N.E.2d 268, 273 (Ind. App. 2003), *trans. denied*, 812 N.E.2d 803 (Ind. 2004). In order to sustain an action for breach of contract, the plaintiff must show the existence of the contract, breach thereof by the defendant, and damages flowing from the breach. **Wilson v. Lincoln Federal Savings Bank**, 790 N.E.2d 1042, 1048 (Ind. App. 2003); **Gatto v. St. Richard School, Inc**., 774 N.E.2d 914, 920 (Ind. App. 2002).

It is undisputed that the defendants signed and entered the indemnity agreement with CIC. The defendants do not dispute that the indemnity agreement is clear that they were to indemnify and hold CIC harmless for all liability CIC incurred under the bonds. It further is undisputed that CIC incurred liability under the bonds and that the defendants did not reimburse CIC for their expenses.

4

For this reason, the defendants failed to comply with their obligations under the agreement.

The Kraeger Brothers also issued a promissory note after CIC paid the claims asserted under the bonds. "A promissory note is a written promise by one person to pay another person, absolutely and unconditionally, a certain sum of money at a specific time." *Flexcel, Inc. v. COS 404, Inc*., 458 F.Supp.2d 935, 940 (S.D. Ind. 2006). An unconditional promissory note is a negotiable instrument rather than a contract. *Flexcel*, 458 F.Supp.2d at 940. To enforce a negotiable instrument, the plaintiff must show that the instrument was endorsed and delivered. **Ind. Code § 26-1-3.1-201.** Again, the undisputed evidence shows that the defendants signed and delivered the note in the amount of $140,000, bearing interest at 5% per annum. The defendants admit that the note required payments of principal and interest in the amount of $5,000 per month, that they failed to make timely payments, and that they breached their duties under the note. Because the defendants breached their duties under the indemnity agreement and the note, CIC is entitled to judgment in its favor and damages.

Under the terms of the indemnity agreement and the note, the defendants agreed to reimburse CIC for all of its losses, damages, expenses, and attorneys' fees incurred, plus interest and late fees. The defendants further agreed that an itemized statement sworn to by any CIC representative would serve as prima facie evidence of the amount of liability. *See Reliance Ins. Co. v. Zeigler*, 938 F.2d 781 (7th Cir. 1991) (explaining that prima facie evidence provisions are valid and enforceable). CIC submitted such a sworn statement and the defendants do not object to the amount due. For this reason, the court **GRANTS** CIC's motion for summary judgment. CIC is entitled to recover $175,997.76, plus interest. CIC is ORDERED to file an affidavit within 7 days stating the accrued interest and the amount it is claiming for attorney fees. Judgment will be entered when interest and

attorney fees have been calculated.

      ENTERED this 7th day of May, 2014

                                              /s/ Andrew P. Rodovich
                                              United States Magistrate Judge